BLUM v. BUMILLER–REMELIN CO.

(Circuit Court of Appeals, Sixth Circuit. April 3, 1917. On Motion for Rehearing, June 15, 1917.)

No. 2876.

PATENTS ⬦328—INFRINGEMENT—MOTORCYCLE MOTOR.
    The Blum patent, No. 579,554, for a gas motor, for attachment to a bicycle frame to create a motorcycle, claims 19, 20, and 23, which cover the manner of attachment of the motor, construed, and *held* not infringed.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; John E. Sater, Judge.

Suit in equity by Edward W. Blum against the Bumiller-Remelin Company. Decree for defendant, and complainant appeals. Affirmed.

G. B. Parkinson, of South Lincoln, Mass., for appellant.

W. R. Wood, of Cincinnati, Ohio, and E. G. Mason, of Washington, D. C. (C. L. Sturtevant, of Washington, D. C., on the brief), for appellee.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Suit on claims 19, 20 and 23 [1] of patent to Blum, No. 579,554, March 23, 1897, "gas motor." The District Court thought there was no infringement and dismissed the bill. Plaintiff appeals.

Claims 19 and 20 cover one manner of attaching to a bicycle frame a motor and its frame, thus creating a motorcycle. It was old to mount a motor with its frame at different selected locations within a bicycle frame. Blum, for the first time, put the motor frame wholly below the bicycle frame and suspended it from the pedal shaft bearing, which was the lowest point in that form of bicycle frame which alone he described or suggested. If there was any patentability in his new manner of assembling and mounting these old parts, it consisted essentially in this double idea of carrying the motor by the pedal shaft bearing, for vibration resistance, and below the bicycle frame, for better balancing. This idea was taken into claims 19 and 20 by the expressed limitation that the motor frame was to be carried on hangers depending from the pedal shaft bearing.

The defendant has mounted its motor and frame wholly inside of the bicycle frame, thus returning to the general methods earlier than the patent. Instead of using the familiar diamond frame illustrated in the patent, and in which the pedal shaft was located at the lowest point, it drops the frame tubing for a few inches and in front of the pedal shaft, and then carries it up and forward in the old way. The motor frame being mounted partly in this depression or drop in the bicycle frame, it results that a portion of the motor frame is below the horizontal level of the pedal shaft. The motor frame is attached to the bicycle frame at two opposite side positions, one being on the pedal shaft bearing, the other upon the frame opposite and forward. The motor shaft falls slightly below the level of the pedal shaft. While it is possible to read the language of these claims upon defendant's structure, we think such a reading is not within their fair meaning. The motor frame does not in any substantial sense "depend from" the pedal shaft bearing. That part of it is below is rather incidental. It is really carried by two opposite points of side support, and carried within the frame and above the bottom thereof, instead of below the frame.

[1] 19. In combination with the drive shaft 98, its bearing 87 and supporting frame of a bicycle, said bearing being located on the bicycle frame between the wheels of the bicycle, a gas motor consisting of a cylinder, piston, connecting rod, crank and crank shaft 62 and other necessary parts, of a frame connected to the cylinder and adapted for attachment to bearing 87, hangers 95 depending therefrom and forming supports for shaft 62 below shaft 98 and between the bicycle wheels and a gear train connecting shafts 62 and 98.

23. In combination with the drive shaft 98, its bearing 87 and supporting frame of a bicycle, a gas motor consisting of a cylinder, piston, connecting rod, crank, crank shaft 62 and other necessary parts, of a frame connecting to the cylinder and adapted for attachment to the bicycle, receiving sockets on frame part 94 thereof and pins 109 projecting on each side therefrom adapted to receive foot supports.

If claim 23 can be thought to be not limited as claims 19 and 20 are, it is then seen to depend for novelty on a feature which we think clearly a mechanical expedient not involving invention.

The decree is affirmed.

### On Motion for Rehearing.

Upon application for rehearing, plaintiff challenges the accuracy of the reference in the opinion to "the expressed limitation that the motor frame was to be carried on hangers depending from the pedal shaft bearing." He insists that the word "therefrom," in the claim phrase "hangers *95* depending therefrom," has for its antecedent the motor frame, and not the pedal shaft bearing, and that, if this error in the opinion is corrected, the claim will not be limited for the reason which the opinion supposes.

We think plaintiff is specifically correct in this criticism, although we are not sure that it can make any difference whether the hanger depends from the pedal shaft or depends from a frame which is attached to and around, and depends from, the pedal shaft; but, lest some injustice has been done by this possible error, we have given the subject further examination, in view of the elaborate argument presented on the application for rehearing, and we are confirmed in the idea that, whether or not the claims ought to be read substantially as indicated in the opinion, it is only by such reading that their validity can be saved. Several prior devices had some kind of a motor frame attached to at least one, and usually to two, appropriate parts of the bicycle frame. There was no invention merely in selecting the pedal shaft bearings as one of the two points at which the motor frame was to be attached. This is only a matter of placing or mounting parts upon a frame, so as to get their most convenient and efficient interrelation. If Blum's distinctive form of motor frame should be implied, defendant does not use it.

The application for rehearing is denied.